UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE § | | |
| EXTRADITION OF § | | |
| RAFAEL MARTIN GARCIA § | | Misc. No.: C-11-56 |
| MAZZOTI § | | |

CERTIFICATION OF EXTRADITABILITY
TO SECRETARY OF STATE

On July 28, 2011, the United States of America, acting on behalf of the United Mexican States, filed a Complaint for Arrest of Rafael Martin Garcia Mazzoti ("Garcia Mazzoti") with a View Towards Extradition pursuant to Article 11 of the extradition treaty between the United States and Mexico. (D.E. 1). Extradition of Garcia Mazzoti is sought for the crime of homicide, in violation of Article 136 of the Penal Code of the State of Hidalgo, Mexico. (D.E. 1, 23). Garcia Mazzoti was arrested on July 29, 2011.

This Court held extradition hearings on December 14, 2011, January 11, 2012, and March 19, 2012 to hear evidence and determine the existence of probable cause for extradition. Finding all extradition requirements met, the Court CERTIFIES that the evidence in this case is sufficient to sustain the charge under the appropriate treaty and ORDERS commitment of Garcia Mazzoti pending final disposition by the Secretary of State regarding surrender of Garcia Mazzoti to Mexico.

A potential extraditee is entitled to a hearing in the jurisdiction of arrest before an authorized judge or justice of the United States, or "any judge of a court of record of general jurisdiction of any State," for the purpose of a judicial determination of extradibability. 18 U.S.C. § 3184; *Sayne v. Shipley*, 418 F.2d 679, 686 (5th Cir. 1969). After a hearing, the judicial officer must make the

following findings before rendering a certification to the Secretary of State: (1) the judicial officer is authorized to conduct the extradition proceeding; (2) the court of record has jurisdiction over the extraditee; (3) there is a proper treaty providing for extradition; (4) the offense charged is within the applicable treaty; and (5) there is probable cause to believe the extraditee committed the crimes charged.  See 18 U.S.C. § 3184; *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *Escobedo v. United States*, 623 F.2d 1098, 1101 (5th Cir. 1980); *Gusikoff v. United States*, 620 F.2d 459, 462 (5th Cir. 1980).

Judicial officers authorized to hear extradition matters pursuant to 18 U.S.C. § 3184 include "any justice or judge of the United States."  The appropriate court to conduct these matters is determined by the jurisdiction in which the fugitive is found. 18 U.S.C. § 3184.  Garcia Mazzoti was arrested in Corpus Christi, Texas, within the jurisdictional boundaries of the Southern District of Texas.  Therefore, it is appropriate for this extradition proceeding to occur in a United States Court for the Southern District of Texas, before a United States District Judge.

As required under 18 U.S.C. § 3184, there is a treaty in force between the Untied States and Mexico ("the Treaty"), in effect at all times relevant to this case, which provides for the obligation to extradite. See 31 U.S.T. 5059, Article 1. The Treaty defines extraditable offenses as those willful acts listed in the Treaty's Appendix and punishable by both contracting parties by the "deprivation of liberty" for at least one year.  See 31 U.S.T. 5059, Article 2.  The first offenses listed within the Treaty's Appendix are "[m]urder or manslaughter." See 31 U.S.T. 5059, Appendix. Garcia Mazzoti is charged with homicide, in violation of Article 136 of Hidalgo's Penal Code, which falls within the extraditable offenses under the Treaty. See D.E. 1; 18 U.S.C. § 3184; 31 U.S.T. 5059, Appendix. Homicide is also a crime under the laws of the United States.  See, e.g., 18 U.S.C. § 1111.

Lastly, the Court has found there is sufficient evidence "to sustain the charge under the provisions of the proper treaty." 18 U.S.C. § 3184; see also 31 U.S.T. 5059, Article 3, Article 10. "Hearings held pursuant to Section 3184 are in the nature of a preliminary hearing. . . . The foreign country does not have to show actual guilt, only probable cause that the fugitive is guilty." *Sayne*, 418 F.2d at 685 (citing *Factor v. Laubenheimer*, 290 U.S. 276, 291 (1933)). The appropriate probable cause inquiry does not revolve around guilt or innocence, but rather whether the evidence shows reasonable grounds to believe the accused is guilty of the crime charged. *Id.*; see also *Jimenez v. Aristeguieta*, 311 F.2d 547, 562 (5th Cir. 1962) (probable cause is the determination of whether there is "'good reason to believe that the crime alleged had been committed by the person charged with having committed it.'"). There should also be a determination as to whether the person held before the court is the person charged with the crime. *Id.*

In defending against extradition, the accused "may only introduce evidence rebutting probable cause," and cannot "introduce any evidence which would be admissible upon a trial under an issue of not guilty,'" such as the defense of insanity or alibi. *Id.* (quoting *Charlton v. Kelly*, 229 U.S. 447, 458, 462 (1913)). There are very few limits on evidence admissible to show probable cause. See 18 U.S.C. § 3190; Fed. R. Evid. 1101(d)(3); Fed. R. Crim. P. 1(a)(5)(A); see, e.g., *Collins v. Loisel*, 259 U.S. 309, 313 (1922); *Bingham v. Bradley*, 241 U.S. 511, 517 (1916); *Sayne*, 418 F.2d at 685; *Jimenez*, 311 F.2d at 562.

There is sufficient evidence to establish probable cause that Garcia Mazzoti violated Article 136 of Hidalgo's Penal Code, based on the following findings. Garcia Mazzoti and victim Hector Samuel del Villar Mazzotti ("Hector") were having a dispute over the mismanagement of finances. (Ex. 2 at exs. 4, 15). Approximately twenty days before Hector's death, Garcia Mazzoti told Galo

del Villar Mazzoti ("Galo") that Garcia Mazzoti would shoot Hector if Hector gave Garcia Mazzoti any trouble. (Ex. 2 at ex. 4). On July 31, 2003, Garcia Mazzoti shot Hector several times, which caused Hector's death. (Exs. 1, 2).

The day of the shooting, Garcia Mazzoti's secretary, Maria Rosa Martinez Abad, was with Garcia Mazzoti in Garcia Mazzoti's office until 7:30pm, when Hector arrived. (Ex. 2 at ex. 13). Garcia Mazzoti and Hector argued, and the fight became physical. (Ex. 2 at ex. 13). This prompted Martinez Abad to go upstairs to get help. (Ex. 2 at ex. 13). Martinez Abad heard shots and went back to Garcia Mazzoti's office, where Garcia Mazzoti told her to call an ambulance. (Ex. 2 at ex. 13). She saw Hector laying on Garcia Mazzoti's office floor. (Ex. 2 at ex. 13).

Also around 7:30pm that day, Galo and Marco Antonio Ruiz Macedo were at a café near Garcia Mazzoti's office and heard gunshots. (Ex. 2 at exs. 4, 5). Galo and Ruiz Macedo went to Garcia Mazzoti's office and saw Garcia Mazzoti coming out of his office with a gun in his hand. (Ex. 2 at exs. 4, 5). Garcia Mazzoti told Galo to call an ambulance because Hector was injured. (Ex. 2 at exs. 4, 5). After Garcia Mazzoti left, Galo and Ruiz Macedo entered the office and found Hector shot. (Ex. 2 at exs. 4, 5). Galo and Ruiz Macedo both later selected the photograph of Garcia Mazzoti in a six-person photographic line-up as the person they saw that day. (Ex. 2 at exs. 4, 5, 16).

Issues raised in these extradition proceedings included the proper identification of Garcia Mazzoti as the fugitive sought by the United Mexican States and whether Garcia Mazzoti was charged under the proper section of the Penal Code of the State of Hidalgo. The initial photographic lineup, used to identify Garcia Mazzoti, was deemed to be of insufficient quality by the Court and an additional photographic lineup, acquired from the Mexican authorities, was introduced as

evidence by the United States. (See D.E. 36). Based on this evidence, the Court found that Garcia Mazzoti is the person sought by the Mexican Government for the crimes alleged.

The Court also considered Garcia Mazzoti's argument that he was charged under Article 136—the "intentional" killing of another—when Article 137—a killing during a "fight or quarrel"—was the appropriate charge. (D.E. 46). Garcia Mazzoti contended, through briefing and oral argument, that such improper charging negated the finding of probable cause of a violation of Article 136, as the evidence admitted lends itself to a violation of Article 137 instead. The Court found that reasonable persons could conclude that Garcia Mazzoti committed a violation of Article 136, regardless of the commission of other crimes. Under the probable cause inquiry, the Court cannot question which crime was committed, but merely asks whether there is probable cause to believe Garcia Mazzoti violated Article 136, as charged.

Based on the evidence introduced during the extradition proceedings, the Court finds that there is probable cause to find that Garcia Mazzoti intended to, and did, shoot the victim of this alleged crime in a financial or family dispute. Having found each requirement for certification met, the Court CERTIFIES that the evidence in this case is sufficient to sustain the charge against Garcia Mazzoti and ORDERS the commitment of Garcia Mazzoti pending final disposition by the Secretary of State for surrender to the United Mexican States.

ORDERED, this 12th day of April, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE